AUTOMOBILE UNDERWRITERS, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 21877, 22213.    Promulgated May 27, 1930.

*George E. H. Goodner, Esq.*, for the petitioner.
*L. A. Luce, Esq.*, and *F. L. Van Haften, Esq.*, for the respondent.

OPINION.

BLACK: The petitioner is contending that as to the years 1920 and 1921 assessment is barred by the statute of limitations, as the waivers

for these years were not signed by D. H. Blair, the then Commissioner, in person. A similar contention was made in *Concrete Engineering Co.*, 19 B. T. A. 212, in which case we held that, in the absence of evidence to the contrary, it will be presumed that the respondent discharged his official duty in a proper and legal manner when he delegated the signing of his name to waivers. Accordingly, as to these years the time for assessment is not barred. Cf. *Onondago Co.*, 18 B. T. A. 944.

A "personal service corporation" is defined in section 200 of the Revenues Acts of 1918 and 1921 as a corporation "whose income is to be ascribed primarily to the activities of the principal owners or stockholders who are themselves regularly engaged in the active conduct of the affairs of the corporation and in which capital * * * is not a material income-producing factor." In the instant case all the stockholders were actively engaged in the conduct of the affairs of the corporation and capital was not a material income-producing factor. The membership fees, after the deduction of the soliciting agent's commission, represent to a large extent the total income of the petitioner. These fees were paid to the petitioner for one thing, namely, the service of the corporation in acting as the attorney in fact for the subscribers to the reciprocal State Automobile Insurance Association. The four stockholders, who were the officers of the petitioner and who served on the advisory board of the association, performed this service. They rendered all the service which was paid for and their knowledge, planning, and skill produced the results obtained. We hold that in the taxable years 1920 and 1921 petitioner was a personal service corporation and respondent erred in denying petitioner personal service classification for those years. Cf. *Cleveland Snow-Church Co.*, 1 B. T. A. 234; *Carter, MacDonald & Miller, Inc.*, 14 B. T. A. 522; *F. Merges & Co.*, 11 B. T. A. 444; and *George B. Ricaby Co. v. Nauts,* 19 Fed. (2d) 271.

The other error alleged is that the fees charged by the petitioner for services rendered subscribers to a reciprocal insurance association should be reported as income over the period covered by the membership and not all of it in the year in which received. While the books of the petitioner were kept on an accrual basis, they did not accurately reflect a segregation of yearly dues from those accepted for a three-year service.

Petitioner used the method of setting up a reserve for the unearned portion of the fee collected. The respondent disallowed additions to these reserves as deductions from gross income. Under authority of *William J. Ostheimer*, 1 B. T. A. 18; *Uvalde Co.*, 1 B. T. A. 932;

and *H. V. Green Co.*, 5 B. T. A. 442, this action of the respondent was correct. In fact, petitioner in his appeal concedes that its method of setting up a reserve to take care of the unearned portion of the fees received was error and that respondent committed no error in refusing to allow such deductions. Petitioner contends, however, that in view of the fact that its books were kept on the accrual basis, these fees should be properly allocated to the years when earned and that petitioner should be taxed on this basis during the years involved rather than on the cash receipts basis.

Section 213 of the Revenue Acts of 1918 and 1921, which govern the taxable years involved in this proceeding, requires the amount of all items of gross income to be included in the taxable year in which received by the taxpayer, unless under methods of accounting permitted under section 212 any such amounts are to be properly accounted for as of a different period. Black defines the word " accruing " as meaning inchoate, in process of maturing, that which may or will at a future time ripen into a vested right, an available demand, or an existing cause of action. Words and Phrases, vol. 1, second series, p. 56.

What petitioner wants to do in the instant case is to treat one-third of the amount of these three-year membership fees received in any particular year as income accrued for that year and the remaining two-thirds as income in the process of accruing, and which will ripen into income during the two years following the collection thereof. For example, in 1923 the receipts of petitioner from one-year membership fees, as shown in findings of fact, were $22,928.76, and from three-year membership fees were $146,391.44. Under petitioner's contention, its books being on the accrual basis, it should render as income for 1923 the $22,928.76 collected from one-year fees and $48,797.14, being one-third of the $146,391.44 collected from the three-year fees, and then accrue as further income for 1923 from the prior years of 1922 and 1921 the portion of three-year membership fees collected in those years but properly attributable to income for 1923. We know of no authority of law which would permit petitioner to thus treat these three-year membership fees. The cash received from them has already ripened into gross income in the year in which received and must be accounted for under the statute as gross income for that particular year. Petitioner's contention that the amounts collected therefrom should be spread over a period of three years is therefore denied.

*Judgment will be entered under Rule 50.*